UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WOOJIN HWANG,<br><br>    Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>    Respondent. | Civil No. 18-1007 (KM)<br><br>**MEMORANDUM OPINION** |

## KEVIN MCNULTY, U.S.D.J.

On January 26, 2018, petitioner, Woojin Hwang ("Petitioner"), acting *pro se*, filed a petition with this Court utilizing a form for a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, but he revised the title to indicate that it was a "Petition Under All Writs Act for Writ of Error Coram Nobis by a Person Who Is Not in State Custody." (*See* Pet., ECF No. 1, at 1.) Petitioner explains, "Although I've finished serving my sentence for this matter, I'm petitioning under the All Writs Act for a writ of error Coram Nobis and have filled out the form to the best of my ability . . . ." (*Id.*)

Petitioner indicates that, on March 6, 2009, he pleaded guilty before the Superior Court of New Jersey, Law Division, Passaic County, to one count of third-degree possession of cocaine for personal use and was sentenced to four years' imprisonment. (*Id.* at 2.) Petitioner explains that he subsequently raised claims for ineffective assistance of counsel in a petition for post-conviction relief ("PCR") filed in state court. (*Id.* at 4, 7–11.) His PCR petition was denied, the Appellate Division denied the appeal, and, on February 1, 2017, the Supreme Court of New

Jersey denied a petition for certification. (*See id.* at 4–12.); *see also State v. Hwang*, 229 N.J. 11 (2017). Petitioner now attempts to raise the same issues before this Court.

The Court first notes that it has no jurisdiction to hear a petition for writ of *coram nobis* that concerns a conviction or sentence that issued from a state court. In *Obado v. New Jersey*, 328 F.3d 716 (3d Cir. 2003), the Court of Appeals for the Third Circuit fell in line with precedent from other circuits in holding "that *coram nobis* is not available in federal court as a means of attack on a state criminal judgment." *Id.* at 718; *see also Bell v. United States*, 574 F. App'x 59, 61 (3d Cir. 2014); *Goodman v. Grondolsky*, 427 F. App'x 81, 83 n.2 (3d Cir. 2011).[1] Thus, this Court cannot award Petitioner relief from his state conviction or sentence by way of a writ of *coram nobis*.

Petitioner's attempt to raise claims of ineffective assistance of counsel with regard to his 2009 state conviction would instead have to be presented via a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Under § 2254, however, a habeas petitioner must, at the time of filing, be in custody under the conviction he is attacking. 28 U.S.C. § 2254; *Obado*, 328 F.3d at 717; *see also Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). While a person released on parole may still be considered to be in custody under the original sentence, once the sentence has fully expired, residual collateral consequences of the conviction will not satisfy the custody requirement. *See Maleng*, 490 U.S. at 491–93.

It was doubtless in recognition of those principles that the petitioner attempted to present his contentions in the guise of a petition for a writ of coram nobis. The petition itself. states that

---

[1] The Third Circuit has additionally noted that "coram nobis arose as a device to extend the period in which the judge who rendered a decision could reexamine it." *In re Thompson*, 449 F. App'x 110, 111 (3d Cir. 2011) (citing *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992)). That would imply that it was not intended as a vehicle for collateral attack in some other court.

2

Mr. Hwang has finished serving the four-year sentence he received in 2009. (ECF No. 1 at 1.) Consequently, even were the Court to construe the petition as seeking habeas relief under § 2254, it would have to be dismissed upon screening under Rule 4 of the Rules Governing § 2254 Cases, as there is no allegation that the petitioner meets the foundational requirement of being in "custody."

Accordingly, the petition, whether viewed as one for coram nobis or habeas relief, is dismissed without prejudice. An appropriate order accompanies this opinion.

DATED: August 28, 2018

KEVIN MCNULTY
United States District Judge

3